Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8051 | **DATE** | 4/22/2013 |
| **CASE TITLE** | Bank of New York Mellon vs. Ward et al. | | |

**DOCKET ENTRY TEXT**

Before the Court are Plaintiff The Bank of New York Mellon's ("BNYM") unopposed motion for judgment on the pleadings [9] and motion to appoint special commissioner [10]. For the reasons set forth below, the Court converts the motion for judgment on the pleadings to one for summary judgment and grants both motions. The Court sets this matter for a status hearing on May 2, 2013 at 9:00 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

**I. Background**

**A. Procedural**

Plaintiff BNYM filed this diversity mortgage foreclosure action on October 9, 2012. Summonses were returned executed as to both Defendants shortly thereafter. See [4], [5]. Defendant Michael E. Ward subsequently entered a *pro se* appearance [7] and responded to the complaint, stating, "I do not wish to occupy or own the referred to property. However, I am also not financially able to pay any requested fines, fees, taxes, or other expenses that are being sought." Ward also noted in his response that he believed he "was a victim of financial mis-information and possible deceit as a mortgage note that was supposed to be $1,227, suddenly became a note of $1,700." [6]. Ward has not developed or otherwise sought to advance these allegations, however, even after the Court convened a status hearing (at which Ward failed to appear) and ordered supplemental briefing addressing them [16]. Defendant JP Morgan Chase Bank, N.A. ("JPMC"), a "a party to this action by virtue of a judgment entered against Michael Ward in case number 09M1 131918 docketed November 17, 2009, in instrument 0923111080, in the amount of $11,790.19," [1], did not appear or respond to the complaint. On January 10, 2013, BNYM filed a motion for judgment on the pleadings [9] and a motion to appoint special commissioner [10]. Neither Defendant has responded to these motions, notwithstanding the Court's establishment of a briefing schedule. See [13]. Both Defendants likewise failed to appear at a status hearing [16], and did not file briefing in response to the supplemental filings made by Plaintiff. See [16], [18].

**B. Facts**

Defendant Michael E. Ward signed a mortgage in the amount of $177,500.00 on August 29, 2003, for the property located at 4202 Oakwood Lane in Matteson, Illinois. The mortgage was recorded in the Cook County Recorder's Office on October 1, 2003. The mortgage was assigned to BNYM on January 22, 2010. BNYM is

| STATEMENT |
|---|

the legal holder of the indebtedness and the owner of the mortgage given as security therefor.

Defendant Ward has failed to pay the monthly installments comprising principal, interest, and taxes, from May 1, 2012 to the present. The outstanding principal balance as of October 11, 2012 was $201,579.46, plus other costs and expenses incurred by the Plaintiff as a result of the default, with interest accruing on the unpaid principal balance at $41.29 per day, for a total of $214,976.38. Ward does not dispute the fact of his default; his response to the complaint indicates that he fell on hard times during the recent economic downturn. See [6]. His answer to the complaint suggests, however, that he believes that he "was a victim of financial mis-information and possible deciet [sic] as a mortgage note that was supposed to be $1,227, suddenly became a note of $1,700." *Id.*

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the parties have filed the complaint and answer. See also *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). "Where the plaintiff moves for judgment on the pleadings, the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Trs. of Auto. Mechs. Local No. 701 Union & Indus. Pension Fund v. Krumpholz*, 2012 WL 1245661, at *3 (N.D. Ill. Apr. 13, 2012) (quoting *Hous. Auth. Risk Retention Grp., Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2003)). That is, courts do not grant such motions "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." 5C Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 1368 (3d ed.).

Here, however, Plaintiff has submitted additional materials in support of its Rule 12(c) motion. Namely, in response to the Court's invitation [16], Plaintiff submitted a supplemental brief and supporting documents responding to *pro se* Defendant Ward's suggestion that he may have been defrauded [18]. Federal Rule of Civil Procedure Rule 12(d) provides that a Rule 12(c) motion "must be treated as one for summary judgment under Rule 56" if "matters outside the pleadings are presented to and not excluded by the court." It further provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Court concludes that Defendant Ward had such an opportunity here. The Court convened a status hearing at which it specifically ordered Defendant Ward to be present. [15]. At that hearing, at which Defendant Ward did not appear, the Court in an abundance of caution gave Plaintiff two weeks to address Defendant Ward's suggestion that he may have been defrauded, and set a briefing schedule for Defendant Ward's response. [16]. Defendant Ward did not appear, respond, or make any filings beyond his initial answer [6]. The Court proceeds by treating the pending Rule 12(c) motion as one for summary judgment.

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [opposing] position will be insufficient; there must be evidence on

| STATEMENT |
|---|

which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

### III. Discussion

This action presents a question of contract interpretation. The basic rules of contract interpretation are well settled. In construing a contract, the primary objective is to give effect to the intent of the parties. *Gallagher v. Lenart*, 874 N.E.2d 43, 58 (Ill. 2007). A court first looks to the language of the contract itself to determine the parties' intent. *Id.* If the words in the contract are clear and unambiguous, they must be given their plain, ordinary, and popular meaning. *Cent. Ill. Light Co. v. Home Ins. Co.*, 821 N.E.2d 206, 209 (Ill. 2004). When a contract is unambiguous, interpretation of a contract is a matter of law that is particularly suited to disposition by summary judgment. *United States v. 4500 Audeck Model No. 5601 AM/FM Clock Radios*, 220 F.3d 539, 542-43 (7th Cir. 2000).

Here, the mortgage states that "Borrower [Defendant Ward] shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3." The note likewise provides that "In return for a loan that I [Defendant Ward] have received, I promise to pay U.S. $177,500.00 (this amount is called 'Principal'), plus interest, to the order of the Lender." The note also provides that "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default." This language unambiguously imposes on Defendant Ward an obligation to pay. Moreover, Defendant Ward does not dispute that he is in default and has been since May 1, 2012. Nor does Defendant Ward dispute Plaintiff's supplemental evidence demonstrating that the mortgage was modified and his monthly payment increased from the original $1,227 set forth in the mortgage and note. He also does not contest Plaintiff's "Affidavit of Debt" demonstrating that his total indebtedness as of October 9, 2012 is $214,976.38 plus reasonable attorneys' fees and costs. Of that amount, $201,579.46 is unpaid principal. The uncontested evidence shows that interest is accruing at a rate of $41.29 per day. Attorneys' fees through January 10, 2013 were $1,550.00.

Plaintiff has demonstrated that no genuine issue of material fact exists and is entitled to judgment as a matter of law.

### IV. Conclusion

For the reasons stated above, Plaintiff's converted motion for summary judgment [9] is granted. Judgment is entered in favor of Plaintiff BNYM and against Defendant Ward on Plaintiff's mortgage foreclosure claim in the amount of $214,976.38 with unpaid interest accruing at $41.29 per day. The Court also grants Plaintiff's motion to appoint a special commissioner [10]. Plaintiff's request for attorneys' fees is denied at this time. In the event that Plaintiff wishes to pursue attorneys' fees, Plaintiff must file detailed documentation to support its request, which it has not done to date. The Court sets this matter for a status hearing on May 2, 2013 at 9:00 a.m.